Good morning, your honors. My name is Karen Buecher and I represent Keith Jensen. And this is the habeas case where the district court found a FRERETA violation when the state amended the information by adding on sentencing allegations, which increased the penalty by four years. And this occurred after Mr. Jensen had waived right to counsel and was representing himself, and he wasn't informed of this change, and he wasn't asked if he wanted a new attorney. The only question in this case is what is the appropriate remedy for the FRERETA violation? Is it a retrial or a resentencing? And the answer is retrial, because the resentencing is not good enough to fix this constitutional error, because the FRERETA violation in this case affected the entire criminal proceedings. To be constitutionally sufficient, the remedy must account for the entire stage affected by the constitution of violation, and this FRERETA violation affected the entire criminal proceedings because Mr. Jensen was representing himself on an invalid waiver, an unknowing and involuntary waiver. So he was making decisions. When did it become invalid, from the get-go or after they filed the enhancement or what? At the moment when they filed the enhancement and he wasn't asked, he wasn't advised of the increased penalties and he wasn't asked if he wanted new counsel. Okay. Then why, if that's, if it was a valid waiver up until that point, why is it an abuse of the judge's discretion to say let's turn the clock back to, at that point, vacate the enhancement and we're back to the status quo ante? Because the fact that, because the fact he went to trial on an invalid waiver. He was proceeding in trial on an invalid waiver and he had the right to counsel. Okay. But it was valid up to a certain point, so we'll turn the clock back to where it was still valid. Well, then he, at that point, he can decide what to do. I mean, that would be a good approach. It's the resentencing that we're having a problem with. The resentencing is a problem. I'm having a hard time hearing you. Resentencing doesn't address the constitutional violation. Just dismissing the prior allegations and resentencing him to the prison term without the allegation doesn't affect the impact that Fureta violation had on the entire case, because he didn't plead guilty like in the other cases. He actually went to trial on an invalid waiver of counsel. And while he was proceeding in this mode, he was making decisions that were adverse and they weren't counseled, for example. He didn't move to bifurcate the prior convictions. They were very bad prior convictions. The jury heard these convictions at the same time as the substantive offenses. And they heard a parole officer testify as to these prior convictions and to the fact that Mr. Jensen was a high-risk parolee. So this was very inflammatory and prejudicial to the jury. And the California case law that I cited in my brief shows that a defendant's past convictions really does affect the jury, and even limiting instructions doesn't reduce the risk of prejudice. So the point I'm trying to make is that the resentencing doesn't address the fact that Mr. Jensen went through a trial when he should have had counsel, or at least the opportunity to decide whether or not to have counsel. And that's the thrust of the argument. And the resentencing does not fix that problem, because the resentencing doesn't account for the entire problem caused by the Feretta violation, the fact that he continued on representing himself when he should have had the opportunity to make the decision when he found out that his sentence could be increased by 4 years. So I want a counsel, and he should have been able to make that decision. And the record shows he probably would have asked for an attorney because he asked for advisory counsel. So Mr. Jensen should have the remedy should be that he goes back to where to that day where the First Amendment complaint or information was filed, inform him of the additional sentencing allegations, inform him that increased his penalty by 4 years, and then say, what do you want to do now? Do you want to continue to represent yourself, or would you like an attorney? That's where that would return him to the place where he was. And that's what Johnson v. Uribe stands for. In that case, the defendant pled guilty to the same enhancements that are at issue in this case, but the attorney didn't tell the defendant that those sentencing allegations were invalid, and the Ninth Circuit found ineffective assistance of counsel. And the district court also found ineffective assistance of counsel and suggested that the defendant be resentenced, but this Court says no because the ineffective assistance of counsel affected the entire plea negotiations, and the remedy was to bring the defendant back to the stage where the offer was offered, and he can start renegotiating because now at this point when he knows that those sentencing enhancements are invalid, he has a stronger position before he had a weaker position. Would you like to reserve some, or are you – you've got a lot of time left. I thought you were out of gas there for a minute. I'm pushing my main points, Your Honors. Thank you. Good morning. Good morning. Carlos Martinez from the California Attorney General's Office, representing the Respondent Appealee, Warden Robert J. Hernandez. I think Appellant's main point is that the four prior prison term allegations exposing the jury to those four affected the jury's understanding of this case and the delusion of the guilt of the defendant. And that skips over some pretty damning evidence against the appellant. The most convincing thing, or at least something the jury took into consideration, was that the appellant had nine prior convictions that were used as moral turpitude priors. In addition to that – Would that have come in regardless of the enhancement? That's correct, Your Honor. These nine were, regardless of the enhancements, so the jury understood that it had to really consider appellant's credibility very carefully with these nine moral turpitude priors. In addition to that, the jury had two propensity evidence matters that the jury could consider. In fact, was told that this was evidence of defendant's propensity to commit domestic violence against his spouse. Did the district court instruct the jury as to how it should consider these prior convictions? Yes, Your Honor, it did. Now, the propensity evidence was particularly horrific. In the first, the appellant stripped his – stripped the victim naked and strapped her, nailed her to plywood and raped her thereafter. In the second, he slapped the victim so hard that she – that her nose broke and she bled profusely. These were matters that were before the jury in determining the defendant's guilt and his credibility when he took the stand. If the Court has any further questions, I'd like to submit the matter. Mr. Gould. I have no questions. Thank you, Mr. Martinez. Thank you, Your Honors. The prejudice argument is not to examine the record to see whether or not the jury would have convicted Mr. Jensen or whether or not there was overwhelming evidence. That's more of a harmless error type of analysis. The analysis in this case is to focus on the period of the entire violation. Not on what the jury could have found. It's what an attorney could have done during his proceedings when he was proceeding without counsel. And we all know all the answers to that question because it never happened. And Mr. Jensen should go back to the point and decide whether or not he wants counsel and go further. And the record might be very different with an attorney. We just don't know that at this point. Thank you. I don't have any questions. Judge Gould? No? I guess that does it, Ms. Booker. Thank you. Thank you. Ms. Martinez, thank you as well, sir. The case just argued is submitted. We'll stand in recess for the morning.
judges: Ripple, Silverman, Gould